THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| VANCOUVER CLINIC INC. P.S., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY, a Rhode Island corporation,<br><br>Defendant. | No. 3:20-cv-05605-BJR<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 0 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

Counsel for Plaintiff The Vancouver Clinic Inc. P.S. ("TVC") and Defendant Affiliated FM Insurance Company's ("AFM") (collectively, the "Parties") met and conferred on October 14, 2020, and hereby submit their joint status report and discovery plan pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's July 30, 2020 Order Regarding Initial Disclosures Joint Status Report, Discovery, Depositions and Early Settlement [Dkt. 7] (the "July 30th Order"):

## I. STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE

TVC is a healthcare provider with medical clinics located in the Vancouver, Washington-area. TVC has tendered a claim to its insurer, AFM, under an AFM policy purchased by TVC for losses that TVC contends result from COVID-19. In connection with tendering its claim, TVC has provided AFM with information that TVC contends shows that it has documented the presence of COVID-19 at seven of its clinics. TVC contends that the Policy has a $300 million limit, and that it has suffered more than $25-million in damages that should be covered.

AFM asserts that the policy purchased by TVC provides limited coverage for "communicable disease," as that term is defined in the policy. But the policy does not provide coverage for TVC's alleged business losses and is expressly excluded.

TVC has filed an Amended Complaint asserting claims for: (1) Declaratory Relief; (2) Breach of Contract; (3) Anticipatory Repudiation of Contract; (4) Insurance Bad Faith; (5) Violations of Consumer Protection Act; and (6) Insurance Fair Conduct Act Violations. AFM denied any and all liability for these claims.

TVC also filed a motion for summary judgment as to coverage on October 20, 2020 [Dkt. 14]. AFM believes TVC's motion is premature under FRCP 56(d), unsupported by admissible evidence, and should be denied. AFM has asked TVC to continue the motion so that limited discovery can be conducted and cross motions regarding coverage can be filed. TVC has not agreed to continue its summary judgment motion, taking the position that its motion can be resolved on the four corners of the Policy or, in the alternative, on the limited evidence it submitted

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 1 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

in support of its motion.

At present, the Parties view this case as being of moderate complexity.

## II. CONSOLIDATION

The Parties believe that consolidating this case with the other pending COVID-19 business interruption loss cases in the Western District of Washington does not make sense, and the Parties will be prepared to share their rationale with the Court at the November 9 case management conference or by separate writing, if requested.

TVC understands and appreciates the Court's desire to handle these cases in an efficient manner and believes that, if the Court is so inclined, it makes sense for these cases to proceed on tracks based on the insurer. AFM does not presently believe that consolidating this case with the *Aspen Lodging* case, cited below, will result in any increased efficiency.

## III. PROPOSED CASE DEADLINES

### A. Trial

TVC believes this case should be ready for trial on or around November 15, 2021. TVC understands that the other COVID-19 business interruption loss case pending against AFM in this district, *Aspen Lodging Group LLC, et al. v. Affiliated FM Insurance Co.,* Case No. 2:20-cv-01038-BJR (the "*Aspen Lodging* case"), is scheduled to go to trial on January 24, 2022. [Dkt. No. 13] TVC believes this case should be tried first because it is not as complex as the *Aspen Lodging* case, including because AFM already has found that there is coverage as to TVC's claim and the *Aspen Lodging* case involves a chain of hotels, some of which are located outside Washington State. TVC believes a reasonable trial date is about a year from now, or November 15, 2021.

AFM disagrees that this case should be tried before the *Aspen Lodging* case, because this case was filed after the *Aspen Lodging* case. Given the disparity of facts and issues surrounding each case, AFM does not believe taking this case out of line will provide any additional benefit to any party, in either case, or the Court. AFM believes a reasonable trial date is March 14, 2022.

JOINT RULE 26(f) REPORT  
(No. 3:20-cv-05605-BJR) - 2 -

STEIN, SUDWEEKS & STEIN, PLLC  
2701 FIRST AVE., SUITE 430  
SEATTLE, WA 98121  
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

B. **Fact and Expert Discovery Deadlines**

TVC requests the following case deadlines:

- **Join additional parties:**           **April 5, 2021**
- **Amend the pleadings:**               **June 4, 2021**
- **Fact discovery cutoff:**             **August 2, 2021**
- **Designate experts:**                 **September 6, 2021**
- **Designate rebuttal experts:**        **September 24, 2021**
- **Expert discovery cutoff:**           **October 15, 2021**
- **Trial Date:**                        **November 15, 2021**

AFM requests the following case deadlines:

- **Join additional parties:**           **December 14, 2020**
- **Amend the pleadings:**               **August 9, 2021**
- **Designate expert:**                  **August 9, 2021**
- **Designate rebuttal experts:**        **September 13, 2021**
- **Complete discovery:**                **December 13, 2021**
- **File dispositive motions:**          **January 10, 2022**

C. **Service on Defendant**

Defendant AFM has been served.

D. **Scheduling Conference**

The parties agree that there is no need for a scheduling conference prior to a scheduling order being issued in this case.

IV. **PROPOSED DISCOVERY PLAN**

A. **Initial Disclosures**

The Parties held a Rule 26(f) conference on October 14, 2020, and exchanged Rule 26(a)(1) initial disclosures on October 21st, pursuant to the Court's July 30th Order.

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 3 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

**B.     Subject, Timing and Potential Phasing of Discovery**

TVC does not believe discovery is necessary at this time because it has filed a motion for partial summary judgment, and believes the Court can rule on its motion based on the four corners of the Policy or, alternatively, on limited evidence that is not in dispute. If the Court does not grant its motion for partial summary judgment, TVC intends to pursue discovery regarding the nature and extent of AFM's defenses, including by deposing key fact witnesses and experts as appropriate and exchanging written discovery.

AFM disagrees and believes that limited discovery is necessary before the Court can fairly and fully address the issue of whether there is coverage under the AFM policy.

TVC does not believe discovery needs to be conducted in phases. AFM, in contrast, believes that discovery regarding TVC's extra-contractual claims should be stayed pending motion practice on the coverage issues.

**C.     Anticipated Discovery Sought**

If necessary, TVC will seek discovery from AFM regarding, among other things: TVC's claim for coverage under AFM"s Policy; the claim file and underwriting manuals; industry communications pertaining to COVID-19 coverage; documents sufficient to show the drafting history, interpretation, and implementation of relevant policy terms and training of personnel related thereto; interpretative materials, both internal and external, relating to drafting history, interpretation, and implementation of relevant policy term; communications with the Washington Office of the Insurance Commissioner or other relevant state or federal insurance authorities regarding the meaning, interpretation, and significance of relevant policy terms; and communications to policyholders regarding the relevant policy terms.

AFM intends to conduct discovery regarding, among other things: (1) the reported cases of, and testing for, COVID-19 at the insured locations, (2) the closures or limiting of operations at those locations, (3) the closures of nearby locations, (4) the governmental orders alleged to have interfered with TVC's business and the reasons for same, and (5) the losses alleged to have been

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 4 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

sustained by TVC.

**D.    Proposed Limitations on Discovery**

The Parties are not currently asking this Court to alter any of the limitations on discovery under the Federal Rules of Civil Procedure.

TVC believes that, if discovery moves forward, it is appropriate to take depositions remotely in light of the COVID-19 pandemic.

**E.    Electronically Stored Information**

The Parties are not aware of any issues relating to electronically stored information at this time.

**F.    Privilege Issues**

The Parties believe that issues concerning attorney-client privilege, work product and proprietary trade secrets are possible but not anticipated.

**G.    Discovery-Related Orders**

The Parties may produce documents containing confidential, sensitive business information.  In order to protect this information, the Parties intend to ask this Court to enter the model Stipulated Protective Order.

**H.    Phasing of Motions**

The Parties do not propose phasing motions at this time.

**I.    Discovery Management**

The Parties believe they can cooperate in the management of Discovery.

**J.    Preservation of Discoverable Information**

The Parties do not believe there are any issues relating to the preservation of discoverable information at this time.

**K.    Inadvertent Disclosure of Privileged Information**

In the event of the inadvertent disclosure of information claimed to be privileged, the Parties will follow the procedures set forth in Federal Rule of Evidence 502.

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 5 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

L.     **Model Protocol for Discovery of ESI**

The Parties do not believe this case will involve the model protocol for the discovery of electronically stored information.

M.     **Alternative to Model Protocol**

The Parties do not believe this case will involve an alternative to the model protocol for the discovery of electronically stored information.

V.   **CASE RESOLUTION, ETC.**

A.     **Proposals for Prompt Case Resolution**

TVC believes the case should be resolved or narrowed through its motion for partial summary judgment.

AFM believes the case could possibly be resolved on dispositive motion, which should come first via cross-motions, after limited discovery.

B.     **Alternative Dispute Resolution**

TVC believes that this case should be mediated in the near term.

AFM is open to discussing settlement, including at a mediation, but AFM is less optimistic that settlement negotiations will be fruitful this early in the litigation.

C.     **Related Cases**

The Parties are not aware of any related cases that satisfy the criteria in LCR 3(g)(4).

D.     **Consent to Magistrate**

The Parties do not consent to proceed with a magistrate judge.

VI.   **TRIAL**

A.     **Trial by Jury/Non-Jury**

The trial will be by jury.

B.     **Trial Length**

The parties anticipate 7-10 court days for trial.

C.     **Bifurcation**

JOINT RULE 26(f) REPORT  
(No. 3:20-cv-05605-BJR) - 6 -

STEIN, SUDWEEKS & STEIN, PLLC  
2701 FIRST AVE., SUITE 430  
SEATTLE, WA 98121  
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

1   TVC does not believe that bifurcating the issues to be tried will be necessary.

2   AFM will seek to bifurcate TVC's claims for coverage from its claims for extra-contractual relief.

### D. Pretrial Statements

The parties agree that an exchange of witness lists and exhibits will suffice in lieu of a full pretrial order.

### E. Suggestions for Shortening or Simplifying the Case

TVC believes the case should be resolved or narrowed through its motion for partial summary judgment.

AFM believes this case could possibly be resolved on dispositive motion, which should come first via cross-motions, after limited discovery.

### F. Trial Conflicts

The Parties' counsel are unaware of any trial conflicts at this time.

## VII. ADDRESSES FOR COUNSEL

For TVC:  Stein, Sudweeks & Stein PLLC
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
2701 First Avenue, Suite 430
Seattle, WA 98121
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
*Attorneys for Plaintiff*

Greenberg Glusker Fields Claman & Machtinger LLP
Steven A. Stein (*admitted Pro Hac Vice*)
2049 Century Park East, Suite 2600
Los Angeles, CA 90067-3101
Telephone: (310) 553-3610
Facsimile: (310) 553-0687
Email: sstein@ggfirm.com

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 7 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

|  |  |  |
|---|---|---|
|  |  | *Co-Counsel for Plaintiff* |
| For AFM: | | Bullivant Houser Bailey PC |
|  |  | Matthew J. Sekits, WSBA #26175 |
|  |  | Owen R. Mooney, WSBA #45779 |
|  |  | 925 Fourth Avenue, Suite 3800 |
|  |  | Seattle, WA 98104 |
|  |  | Telephone: (310) 553-3610 |
|  |  | Email: matthew.sekits@bullivant.com |
|  |  | Email: owen.mooney@bullivant.com |
|  |  | *Attorneys for Defendant* |

Respectfully submitted this 28th day of October, 2020.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
2701 First Avenue, Suite 430
Seattle, WA 98121
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
*Attorneys for Plaintiff*

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 8 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**

/s/ *Steven A. Stein*
Steven A. Stein (*admitted Pro Hac Vice*)
2049 Century Park East, 26th Floor
Los Angeles, CA 90067-3101
Telephone: (310) 553-3610
Facsimile: (310) 553-0687
Email: sstein@ggfirm.com
*Co-Counsel for Plaintiff*

**BULLIVANT HOUSER BAILEY PC**

/s/ *Matthew J. Sekits,*
/s/ *Owen R. Mooney*
Matthew J. Sekits, WSBA #26175
Owen R. Mooney, WSBA #45779
925 Fourth Avenue, Suite 3800
Seattle, WA 98104
Telephone: (310) 553-3610
Email: matthew.sekits@bullivant.com
Email: owen.mooney@bullivant.com

*Attorneys for Defendants*

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 9 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, a copy of the foregoing ***Document*** and this ***Certificate of Service*** were served on counsel below as noted:

Attorneys for Defendant Affiliated FM Insurance Company:
Matthew J. Sekits, WSBA #26175
Owen R. Mooney, WSBA #45779
925 Fourth Avenue, Suite 3800
Seattle, WA 98104
Telephone: (310) 553-3610
Email: matthew.sekits@bullivant.com
Email: owen.mooney@bullivant.com

☐ via US Mail
☐ via Legal Messenger
☐ via E-Mail
☒ via USDC ECF

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

SIGNED this 28th day of October, 2020, at Seattle, Washington.

*s/Kirsten Young*
Kirsten Young, Paralegal
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: kirsten@condodefects.com
Phone: (206) 388-0660

JOINT RULE 26(f) REPORT
(No. 3:20-cv-05605-BJR) - 10 -

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

81206-00002/3892562.1